MEMORANDUM *
Nadunt Chibeast appeals his jury conviction of one count of Conspiracy to Possess with Intent to Distribute Marijuana and Cocaine and one count of Conspiracy to Launder Money Instruments.
I
Chibeast argues that the government violated his constitutional rights by failing to disclose to him approximately one third of its discovery material until after his conviction. He also claims that his due process rights were violated by government policies that restricted his sleep and diet.
A
The government delivered six boxes of discovery to Chibeast on February 7, 2013, and sent additional discovery on February 15, 2013. Though the trial began on March 19, 2013, Chibeast did not receive the February 15 discovery until after his conviction on April 4, 2013.
On June 19, 2013, Chibeast filed a “Notice of New Boxes of Discovery Unknown to Me.” In the Notice, he stated that on June 12, 2013, he became aware of an additional three boxes of discovery which he had not been given the chance to review before trial. On June 26, 2013 and July 8, 2013, Chibeast made two additional filings related to the newly discovered materials. The district court did not rule on any of these filings.
Finally, on July 15, 2013, a week after he had been sentenced, Chibeast filed yet another notice, this time requesting a stay of execution of judgment. On August 27, 2013, the district court construed that notice as a motion and denied it due to the pendency of this appeal.
We agree that Chibeast’s final notice should be construed as a motion. In the interest of justice, we remand the case to the district court to consider its merits in the first instance, construing it as a Federal Rule of Criminal Procedure 33 motion for a new trial based on newly discovered evidence.
B
Chibeast has failed to establish that the government’s responses to his sleep and diet complaints “necessarily prevent[ed] a fair trial.” Lisenba v. California, 314 U.S. 219, 236, 62 S.Ct. 280, 86 *640 L.Ed. 166 (1941). Therefore, his due process claims premised on sleep and diet restrictions fail.
This panel retains jurisdiction over any further appeals.
AFFIRMED IN PART AND REMANDED for further proceedings in accordance with this disposition.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.