**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10408 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-01243-SRB-6 |
| v. | |
| NADUNT CHIBEAST, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted August 15, 2018
San Francisco, California

Before:  SCHROEDER, SILER,[**] and GRABER, Circuit Judges.

Nadunt Chibeast appeals the district court's order, on remand from this

court, *United States v. Chibeast*, 605 F. App'x 638, 639 (9th Cir. 2015)

(unpublished), denying his motion under Federal Rule of Criminal Procedure 33

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

for a new trial based on newly discovered evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

While in detention, awaiting trial and proceeding pro se, Chibeast failed to receive three of the nine boxes of discovery materials sent to him by the government. He received them after trial. After our remand he alleged that the three boxes contained potentially exculpatory evidence. *See United States v. Mazzarella*, 784 F.3d 532, 538 (9th Cir. 2015) (holding that, under *Brady v. Maryland*, 373 U.S. 83, 86-87 (1963), the Fifth Amendment's Due Process Clause requires the government to disclose exculpatory evidence to the defense). The district court then reviewed all of Chibeast's allegations, as well as letters submitted by the government listing the contents of the records it sent to Chibeast before trial. The district court properly found that the evidence cited by Chibeast as potentially exculpatory was not newly discovered, but rather was included in the six boxes of discovery materials that he received before trial. *See United States v. Hinkson*, 585 F.3d 1247, 1257 (9th Cir. 2009) (en banc) (setting forth requirements for new trial motion). Given the clarity of the record, the district court did not abuse its discretion in failing to conduct an evidentiary hearing. *See Mazzarella*, 784 F.3d at 537. The record supports its finding that he received the documents in question before trial, and, thus, that there was no *Brady* violation.

**AFFIRMED.**

2